NEAL LANGFORD V. STATE

No. 28,573. November 21, 1956.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) January 16, 1957.

*Dabney & Dabney,* by *Allen D. Dabney,* Eastland, for appellant.

*E. H. Griffin,* District Attorney, Breckenridge, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

Upon his plea of guilty and waiver of trial by jury, appellant was convicted, in 1954, of the offense of rape, and his punishment was fixed by the court at five years' confinement in the penitentiary.

Sentence upon that judgment was "suspended during the good behavior of the Defendant." The procedure followed was authorized by and in keeping with the provisions of Article 776a, V.A.C.C.P.

Subsequently, in March, 1956, appellant was convicted of the misdemeanor offense of receiving and concealing stolen property. Because of that misdemeanor conviction, the state moved to revoke the suspended sentence. After hearing, the state's motion was granted, and the suspended sentence was revoked.

From that order, this appeal followed.

The sole question for our determination is whether a conviction for the misdemeanor offense of receiving and concealing stolen property authorizes the revocation of a suspended sentence.

This calls for a construction of Article 777, V.A.C.C.P., where "good behavior" within the meaning of the suspended sentence law is defined as follows:

"By 'good behavior' is meant that the defendant shall not be convicted of any felony, or any character or grade of the offenses of theft, embezzlement, swindling, conversion, theft by bailee, or any fraudulent acquisition of personal property."

If the misdemeanor offense of receiving and concealing stolen property is within that definition, then the action of the trial court in revoking the suspended sentence was proper; otherwise, it was not.

It is apparent that the legislature intended that misdemeanor convictions might constitute a violation of "good behavior" only when the fraudulent acquisition of personal property was a necessary element of the offense. Such is true of the specific offenses named in the definition. Moreover, in order that there might be no question as to the misdemeanor offenses included, the legislature made the general provision to include "any fraudulent acquisition of personal property" and "any character or grade of * * * conversion."

Is the offense of receiving and concealing stolen property an offense involving fraudulent acquisition of personal property or any character or grade of * * * conversion?

The answer appears to be apparent. The phrase "or any fraudulent acquisition of personal property," placed as it was after an enumeration of specific crimes relating to property, could have meant only one thing, any other crime though not enumerated which grew out of the unlawful acquisition of property.

When one receives or conceals stolen property under such circumstances that would authorize a prosecution therefor, he has brought himself within the terms of the statute.

The judgment of the trial court is affirmed.